UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| SHARON LYNNE BODE | PLAINTIFF |
| VERSUS | CIVIL ACTION NO. 1:26-CV-100-LG-RPM |
| SAFECO INSURANCE COMPANY OF ILLINOIS | DEFENDANT |

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL AND GRANTING IN PART AND DENYING IN PART MOTION FOR PROTECTIVE ORDER**

Before the Court are Plaintiff Sharon Lynne Bode's [34] Motion to Compel and Defendant Safeco Insurance Company of Illinois' [42] Motion for Protective Order. On April 7, 2026, Plaintiff filed this lawsuit against Defendant alleging breach of contract, bad-faith breach of contract, and bad-faith claims handling. [1]. Defendant filed a motion seeking to stay discovery as to the claims for bad faith and extra-contractual/punitive damages, which the Court denied. [27]; [50]. The Court held a telephonic discovery conference on August 20, 2026, in an effort to resolve discovery disputes between the parties, but the parties were unable to reach a resolution. Minute Entry (08/20/2026). As such, the Court authorized the parties to file the discovery motions now before the Court.

Plaintiff asks this Court for an order compelling Defendant to produce its claims guidelines; the unredacted claim file notes; and other withheld documents identified in Defendant's privilege log. [34]. In connection with this request, Plaintiff also asks the Court to address the scope of the issues discoverable in the forthcoming 30(b)(6) deposition of Defendant and the deposition of Defendant's adjuster. Defendant opposes Plaintiff's motion and has filed a Motion for Protective Order. [40]; [42]. Defendant asks this Court for a protective order preventing Plaintiff from

obtaining, either through document discovery or deposition testimony, its work product and mental impressions that were redacted in the claim file notes and identified in its privilege log. For the reasons discussed below, Plaintiff's Motion to Compel is granted in part and denied in part; and Defendant's Motion for Protective Order is granted in part and denied in part.

The Court "has a wide breadth of discretion in determining all discovery matters." *Pace v. Cirrus Design Corp.*, 636 F. Supp. 3d 714, 722 (S.D. Miss. 2022) (citing *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)). The Federal Rules of Civil Procedure define the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Nevertheless, there are limitations to the scope of discovery, such as the following: "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A). Materials prepared in anticipation of litigation "may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has a substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(i)–(ii). "If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal

theories of a party's attorney or other representative concerning the litigation."[1] Fed. R. Civ. P. 26(b)(3)(B).

"The work product doctrine 'is not an umbrella that shades all materials prepared by a lawyer, or agent of the client.'" *Hercules*, 2016 WL 9236451, at *2 (quoting *Freeport-McMoran Sulphur, LLC v. Mike Mullen Energy Equip. Res.*, Nos. 03-1496, 03-1664, 2004 WL 1237450, at *6 (E.D. La. June 2, 2004)). "Documents prepared in the ordinary course of business or that would have been created in similar form irrespective of the litigation are not protected as work product." *Jarrell v. Shelter Mut. Ins. Co.*, No. 2:18-CV-183-KS-MTP, 2019 WL 3400701, at *2 (S.D. Miss. July 26, 2019); *Willis v. Allstate Ins. Co.*, No. 2:13-CV-60-KS-MTP, 2014 WL 1882387, at *3 (S.D. Miss. May 12, 2014). For example, "insurance companies are in the business of conducting, investigating, and evaluating claims against its policies."[2] *Kansas City S. Ry. Co. v. Nichols Constr., L.L.C.*, Nos. 05-1182, 05-5220, 05-4653, 2007 WL 2461014, at *5 (E.D. La. Aug. 27, 2007) (citation omitted). So, "[d]ocuments created by the insurer or its representative tend not to be protected by the work product doctrine if they were prepared as a more or less routine investigation of a possible resistible claim." *Willis*, 2014 WL 1882387, at *3 (quoting *Kansas City S. Ry. Co.*, 2007 WL 2461014, at *5).

This Court has previously addressed redactions to claim file notes on the basis of the work-product doctrine:

> The work-product doctrine shields from discovery materials prepared in anticipation of litigation. Fed. R. Civ. P. 26(b)(3); *In re Kaiser Alum. & Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000). Excluded from the work-product doctrine are materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation. *United States v. El Paso Co.*, 682 F.2d 530,

[1] "This latter category is sometimes referred to as 'opinion work product[.]'" *City of Hattiesburg v. Hercules, Inc.*, No. 2:13-CV-208-KS-MTP, 2016 WL 9236451, at *2 (S.D. Miss. Mar. 17, 2016). The Court therefore refers to Defendant's alleged work product and mental impressions collectively as "work product."

[2] For this reason, "[i]n the realm of insurance claims and litigation, the analysis of whether documents were prepared in anticipation of litigation becomes more complicated." *Kansas City S. Ry. Co.*, 2007 WL 2461014, at *5.

> 542 (5th Cir. 1982). If the primary motivating purpose behind the creation of the document was to aid in possible future litigation, then it is protected by the work-product doctrine. *In re Kaiser Alum. & Chem. Co.*, 214 F.3d at 593. The work product rule does not come into play merely because there is a remote prospect of future litigation and ordinarily does not extend to investigative reports done by a business entity in the ordinary course of business. *See El Paso Co.*, 682 F.3d at 542; *Binks Mfg. Co. v. National Presto Indus., Inc.*, 709 F.2d 1109, 1118–19 (7th Cir. 1983). The burden of establishing that a document is work product is on the party who asserts the claim. *Hodges, Grant & Kaufman v. United States Dept. Treas.*, 768 F.2d 719, 721 (5th Cir. 1985).

*Netto v. Atl. Specialty Ins. Co.*, No. 1:16-CV-389-RHW, 2017 WL 4540963, at *1 (S.D. Miss. Oct. 11, 2017). The Court must discern between claim file notes which "were part of the ordinary course of business" and claim file notes which "were brought into being in anticipation of litigation and therefore excluded as work-product materials." *Id.* at *2. In other words, "when did the insurer shift from acting in its ordinary course of business to acting in anticipation of litigation?" *Id.* (citing *Dunn v. State Farm Fire & Cas. Co.*, 122 F.R.D. 507, 510 (N.D. Miss. 1988)).

This question "often depends on whether the insurer can point to a definite shift from acting in its ordinary course of business to acting in anticipation of litigation." *Willis*, 2014 WL 1882387, at *3 (quoting *OneBeacon Ins. Co. v. T. Wade Welch & Assocs.*, No. H-11-3061, 2013 WL 6002166, at *5 (S.D. Tex. Nov. 12, 2013)). "[A] bright-line rule has not been established in the Fifth Circuit for determining when an insurer anticipates litigation," but "[t]he Fifth Circuit has stated that litigation pertaining to insurance coverage is appropriately anticipated from the date an insurer has a 'solid basis to question the . . . insurance claim.'" *Id.* (quoting *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991)). Some courts also have considered the seriousness or severity of the accident resulting in the insured's claim in determining whether an insurer anticipated litigation. *See Kansas City S. Ry. Co.*, 2007 WL 2461014, at *5 ("Investigative files will be protected . . . when prepared in response to an accident so serious that a lawsuit will inevitably be filed.").

**1. Claim Guidelines**

Plaintiff represents that Defendant agreed to produce its claims guidelines upon entry of a protective order. [35] at 1. Indeed, Defendant stated in response to Plaintiff's First Requests for Production of Documents No. 17 that it would "produce claim guidelines applicable to this claim after the entry of an appropriate protective order." [34-1] at 13. And the Court entered a Consent Protective Order in this case on August 4, 2026. [26]. In response to Plaintiff's motion, Defendant represents that the applicable claims guidelines now have been produced and that this particular issue is moot. [41] at 15–16; [43] at 15–16. Accordingly, the Court concludes that this issue need not be addressed as it is now moot.[3]

**2. Claim File Notes and Other Documents**

There are approximately seven different redactions to entries in the claim file notes, i.e., Bates Nos. 2669–2680. According to its privilege log, Defendant redacted these claim file notes on grounds of work product, describing them as privileged and confidential notes regarding claim analysis and reserves. [34-2] at 3. Additionally, there are other documents withheld in their entirety for the same reasons. *Id.* at 2–3. Only some of these withheld documents are sought by Plaintiff, i.e., Bates Nos. 0014–0016, 0038–0053, 0058–0061.[4] [35] at 2.

The Court considers three significant dates in this case: (1) the filing of the Complaint on April 7, 2026; (2) the settlement demand from Plaintiff's counsel to Defendant on March 4, 2026; and (3) the letter of representation from Plaintiff's counsel sent to Defendant on September 9, 2025. Defendant focuses on the letter of representation of September 9, 2025, as the definite shift (at the

[3] However, the Court notes that Plaintiff states she will request additional information referenced in the claims guidelines. [45] at 4 n.3; [46] at 4 n.3.

[4] Plaintiff does not seek production of Bates Nos. 0001–0002 which were identified in Defendant's privilege log. [35] at 2.

very latest) from acting in its ordinary course of business to acting in anticipation of litigation. [41] at 8; [43] at 8.

As an initial matter, the Court finds that the redactions to claim file notes or the withheld documents which post-date the filing of Plaintiff's lawsuit need not be produced. *See Netto*, 2017 WL 4540963, at *2 (finding that claim file notes post-dating the filing of plaintiff's lawsuit were protected by attorney-client privilege and/or work-product doctrine). This does not seem to be disputed. [35] at 2. Further, the Court finds the redactions to claim file notes or the withheld documents which post-date the settlement demand of March 4, 2026, need not be produced. *See Netto*, 2017 WL 4540963, at *2 (finding that entries made after the insurer received a settlement demand from plaintiff's counsel were in anticipation of litigation). Following this settlement demand, it is reasonable to conclude that the prospect of future litigation was not remote at the time. For instance, Plaintiff filed her lawsuit approximately one month after she made the settlement demand.

All that remains are the redactions to claim file notes and the withheld documents pre-dating the settlement demand of March 4, 2026. The Court considers whether the letter of representation of September 9, 2025, was the definite shift from acting in its ordinary course of business to acting in anticipation of litigation. Defendant contends that there was a heightened potential for eventual litigation after receiving the letter of representation. [41] at 8; [43] at 8. Defendant states that, from this point forward, it evaluated the claim with knowledge that Plaintiff was represented; the claim remained unresolved; and the unresolved claim could result in litigation. *Id.*

Although the involvement of an attorney is a "highly relevant factor," it is not dispositive of this issue. *Jarrell*, 2019 WL 3400701, at *4; *see Morein v. Costco Wholesale Corp.*, No. 6:25-CV-01182, 2026 WL 2656533, at *2 (W.D. La. Sept. 8, 2026) ("The involvement of an attorney

is not dispositive of the 'anticipation of litigation' issue, but it is a highly relevant factor."); *Schenck v. State Farm Mut. Auto. Ins. Co.*, No. 11-2598, 2012 WL 13001032, at *6 (E.D. La. June 15, 2012) ("[I]ndividuals who are involved in an accident commonly retain legal counsel to assist them in dealings with insurance companies.") (citation omitted). But "it would 'be hard to dispute an [insurer's] claim that it acted thereafter with an eye toward litigation' after receiving notice that a plaintiff was represented." *Powell v. McLain*, 105 So.3d 308, 313 (Miss. 2012) (quoting *Haynes v. Anderson*, 597 So.2d 615, 619 (Miss. 1992)). Here, the letter of representation states as follows:

> Be advised this firm represents Sharon Bode regarding this claim for UIM benefits. **All communication on the bodily injury claim should be to my attention**.
>
> This letter puts you on notice of my lien for attorney services. This also revokes any authorizations provided to Safeway.
>
> As this is a first-party claim, **please produce a copy of the policy/policies which may provide benefits to my client, or alternatively, any UIM rejection forms and/or policy cancellation notices.**
>
> Please confirm receipt of this correspondence.

[40-1]; [42-1]. The Court observes that the letter of representation did not threaten or imply that litigation would ensue, nor does it allege that Defendant engaged in any wrongful conduct. *Compare Jarrell*, 2019 WL 3400701, at *3 (noting that it was reasonable for the defendant to anticipate litigation as a result of a letter from counsel for the plaintiff which threatened litigation).

Nevertheless, the Court has conducted an *in camera* review of the unredacted version of the claim file notes and the withheld documents identified in Defendant's privilege log. Text Only Order (10/21/2026). Upon reviewing the unredacted version of the claim file notes in Bates No. 2670, Bridgette Campbell's note on September 11, 2025, contains language that indicates Defendant had an eye toward litigation. [34-3] at 2. This note was created just two days after Defendant received the letter of representation. Thus, the Court finds Defendant has met its burden

in showing that the letter of representation of September 9, 2025, was the definite shift from acting in its ordinary course of business to acting in anticipation of litigation.

The Court further finds that, under Rule 26(b)(3)(A)(ii), Plaintiff has not met her burden at this time to invade the work product protection to discover these materials which post-date the letter of representation of September 9, 2025. As previously stated, Plaintiff must show that she has a substantial need for these materials to prepare her case and that she cannot, without undue hardship, obtain their substantial equivalent by other means. Plaintiff has not yet taken the 30(b)(6) deposition of Defendant or the deposition of the adjuster. Thus, a viable alternative, such as deposition testimony, potentially exists that would negate any substantial need for these materials. *See King v. Odeco Inc.*, 106 F.3d 396, 1997 WL 33367, at *2 (5th Cir. Jan. 8, 1997).

With respect to the redactions to claim file notes or the withheld documents pre-dating the letter of representation, however, the Court finds Defendant has not met its burden in showing that these materials were created in anticipation of litigation. Defendant suggests that, by virtue of its insured filing an uninsured motorist claim, the very nature of this claim creates an adversarial relationship between it and its insured. [41] at 7 n.3; [43] at 7 n.3. This argument is unpersuasive. *See Pete Rinaldi's Fast Foods, Inc. v. Great Am. Ins. Cos.*, 123, F.R.D. 198, 202 (M.D.N.C. 1988) ("An insurance company cannot reasonably argue that the entirety of its claims files are accumulated in anticipation of litigation when it has a duty to investigate, evaluate and make a decision with respect to claims made on it by its insured.").

Accordingly, the Court concludes Defendant has met its burden in showing a definite shift from acting in its ordinary course of business to acting in anticipation of litigation after receiving the letter of representation of September 9, 2025. Anything prior to this date, however, must be produced as this information was created in the ordinary course of business and is not protected

under the work-product doctrine. Defendant may appropriately redact any portions of any document to be produced that contains information dated after the letter of representation of September 9, 2025. Additionally, Defendant shall provide an updated privilege log to Plaintiff.

As a final matter, the Court has denied Defendant's motion seeking to stay discovery as to the claims for bad faith and extra-contractual/punitive damages. [50]. Therefore, it is no longer necessary for the Court to address the scope of the issues discoverable in the forthcoming depositions. In any event, the Court finds that such a request is premature because the better procedure is to proceed with the depositions, make appropriate objections, and file a motion if necessary following the deposition. *See, e.g., New World Network Ltd. v. M/V Norwegian Sea*, No. 05-22916-CIV, 2007 WL 1068124, at *4 (S.D. Fla. Apr. 6, 2007) (explaining that "Rule [30(b)(6)] is intended to be self-executing and must operate extrajudicially" and that "the proper operation of the Rule does not require, and indeed does not justify, a process of objection and Court intervention prior to the schedule[d] deposition").

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's [34] Motion to Compel is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED AND ADJUDGED that Defendant's [42] Motion for Protective Order is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED AND ADJUDGED that, within 14 days of entry of this Order, Defendant shall produce to Plaintiff the unredacted version of the claim file notes or the withheld documents dated prior to the letter of representation of September 9, 2025, which includes:

a. The withheld document identified as Bates No. 0014;

b. The withheld documents identified as Bates Nos. 0060–0061; and

c. The unredacted version of the claim file notes in Bates No. 2672.

IT IS FURTHER ORDERED AND ADJUDGED that Defendant may appropriately redact any portions of any document to be produced that contains information dated after the letter of representation of September 9, 2025.

IT IS FURTHER ORDERED AND ADJUDGED that, within 14 days of entry of the Order, Defendant also shall provide an updated privilege log to Plaintiff.

SO ORDERED AND ADJUDGED, this the 27th day of October 2026.

/s/ Robert P. Myers, Jr.
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE